AT

## DAVENPORT, OCTOBER TERM, A. D. 1884,

IN THE THIRTY-EIGHTH YEAR OF THE STATE.

---

PRESENT:

HON. JAMES H. ROTHROCK, CHIEF JUSTICE.
  " JOSEPH M. BECK,
  " AUSTIN ADAMS,
  " WILLIAM H. SEEVERS, } JUDGES.
  " JOSEPH R. REED,

---

LINDSEY v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y Co.

1. **Railroads**: PERSONAL INJURY TO PASSENGER RIDING ON STEPS OF CA-
BOOSE: CONTRIBUTORY NEGLIGENCE. Plaintiff was riding in defendant's
caboose, and was asleep, and so failed to get off at his destination when
the station was called. After the station had been passed, and the train
was moving too fast for plaintiff to leave it safely, the conductor told
him, if he wanted to get off at that station to get off quickly, where-
upon he placed himself upon the steps, in readiness to get off if the train
should stop. While so standing, on account of a sudden jerk in taking
up the "slack" of the train, he was thrown to the ground and injured:
*Held* that his position was a dangerous one, voluntarily taken, and that,
if there was negligence on the part of defendant, still, on account of his

own contributory negligence, he could not recover. Compare *Bon v. Railway Pass. Ass. Co.*, 56 Iowa, 664.

*Appeal from Appanoose Circuit Court.*

TUESDAY, OCTOBER 7.

THE plaintiff was a passenger on a freight train operated by the defendant, and claims to have been injured because of the negligence of the employes of defendant in the operation of the train. Trial by jury, judgment for the plaintiff, and defendant appeals.

*M. A. Low*, for appellant.

*G. Taylor Wright, Tannehill & Fee* and *Freeland & Miles*, for appellee.

SEEVERS, J.—The plaintiff entered the train at Princeton, and his destination was Lineville. The train reached the last named place about midnight of a dark night, and the caboose in which the plaintiff was seated was stopped seventy-five or one-hundred yards from the depot. Several other passengers got off the train, but the plaintiff failed to do so, because he was sleeping, and did not know when the train stopped. After the train had started to leave Lineville, as the plaintiff testified, a brakeman "spoke to me and inquired if I didn't want to get off at Lineville. I said I did. The answer was: "Then, if you are, you had better be getting off, and that quick." Thereupon the plaintiff, with his overcoat over his arm and a valise in his hand, started for the rear of the car. The jury found the train was then moving at the speed of seven miles an hour, and that it was unsafe to leave the train, and that a reasonably prudent person, acting under like circumstances, would not have attempted to leave the train. The speed of the train was not checked, and the plaintiff passed out of the car to the platform, and stepped down on

the second or third step, for the purpose of looking for the depot, as he testified. How long he remained in that position is uncertain, but only a short time intervened before the plaintiff turned partly or wholly around, for the purpose of regaining the platform, when there was a sudden jerk of the train, which threw him from the platform to the ground, and thereby his injuries were received. The jury found that the position of the plaintiff on the steps was dangerous, and that his purpose in placing himself there was to leave the train, if it stopped. The jury found that the engineer was not negligent, and that the slack in the train was taken up in the ordinary manner. There was no evidence tending to show that the jerk was caused by the negligence of any employe of the defendant.

The failure to stop the caboose at the depot did not contribute to the accident, because the plaintiff was then sleeping, and made no attempt to leave the train at that time. The only evidence tending to show that the station was not called or announced prior to the stopping of the train is that of the plaintiff and one other person, who testify that they did not hear such announcement; but they both testify that they were sleeping when the train stopped. Of course, such evidence has no tendency to establish such fact.

The only remaining ground of negligence is that the brakeman, as counsel for the appellee claim, directed the plaintiff "to get off quickly." What the brakeman said hardly amounts to a direction. But it may be said that he advised the plaintiff to get off quickly; and, conceding that the plaintiff was authorized to act on what the brakeman said, and that he cannot be regarded as being guilty of contributory negligence while making preparations to leave the car, still we think that thereafter he was clearly guilty of such negligence. When he got to the door of the car and stepped on the platform, the train was going too fast to enable him to leave the train with safety; but not only did he do this, but stepped

down on the second or third step, and thus placed himself in a dangerous position, and while in that position the jerk came, and thereby he was thrown to the ground.

The accident was caused by the plaintiff's going on the platform and steps. This, undoubtedly, was the proximate cause of his injury. Was he justified in placing himself in that position? We think not. Conceding that the brakeman did direct the plaintiff, when in his seat in the car, to get off quickly, this would not justify the plaintiff in making the attempt after he got to the door of the car, and saw that he could not do so with safety. Unless the plaintiff intended to leave the car if he could do so, he had no right to pass out of it and down to the steps. In order to leave the car, he placed himself in a dangerous position, as the jury have found. When he placed himself in such position he was guilty of contributory negligence. It seems to us, when the jury found that the plaintiff was in a dangerous position when on the steps, that it must logically follow that he cannot recover, and the jury should have so found. This is a stronger case against the plaintiff, in our judgment, than *Bon v. Railway Pass. Ass. Co.*, 56 Iowa, 664.

There are cases when a passenger is justified in taking risks, where, by negligence of the company, he is in danger of being carried beyond his destination, and we are not prepared to say a passenger would not be justified in making the attempt to step from the train, if it was moving slowly; that is, it would be a question for the jury. But in this case the jury have found that the plaintiff voluntarily placed himself in a dangerous position, and this, it seems to us, ends the inquiry. In our opinion the plaintiff is not entitled to recover.

                                        REVERSED.