## VIMONT v. THE CHICAGO & NORTHWESTERN R'Y CO.

1. **Railroads**: REQUIREMENT OF PASSENGER TO LEAVE MOVING TRAIN: FACTS NOT AMOUNTING TO: EVIDENCE. Action to recover for injuries received in alighting from a moving train under the alleged command of the conductor; but, upon consideration of the facts and circumstances as shown by the evidence, (see opinion,) *held* that the facts proved did not amount to a command by the conductor, and that the court erred in assuming in an instruction given that there was evidence of any such command.

*Appeal from Polk Circuit Court.*

FRIDAY, MARCH 4.

THE plaintiff, as assignee of one Oscar Johnson, brings this action to recover for a personal injury to Johnson. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Hubbard, Clark & Dawley,* for appellant.

*Nourse, Kauffman & Guernsey,* for appellee.

ADAMS, CH. J.—Johnson took passage on the defendant's train at Marshalltown, having purchased a ticket either for Moingona or Ogden, the next station west of Moingona. Soon after the train left Moingona, and while it was in

motion, he got off, and, in doing so, he fell into a culvert several feet deep, and received an injury.   The accident occurred between three and four o'clock in the morning of a very dark night.   The culvert was 513 feet west of the Moingona station.   The train, according to the strong preponderance of the evidence, had acquired a very considerable speed, probably at the rate of about twelve miles an hour. Johnson intended, when he left Marshalltown, to get off at Ogden, and did not conclude to get off at Moingona until after the train had left that station.   The plaintiff averred that the conductor required Johnson to leave the train, and that he jumped off when and where he did in obedience to the conductor's requirement.   The defendant denied that the conductor made such requirement.

The court instructed the jury in these words: " Whether Johnson had a right to travel on the train to Odgen or not, if the conductor required him to leave it a time and place and under circumstances that rendered it dangerous to do so, then it was negligence in the conductor .to so require. You will first determine whether the conductor did require Johnson to leave the train at the time and place he did leave it.   To constitute such requirement, it must appear that the conductor intended to be, and was, understood by Johnson as requiring that he should leave the train."   The defendant assigns the giving of this instruction as error.   The objection made is that there was no evidence that the conductor required Johnson to leave the train at the time he did.   It is undisputed that, after Johnson started from his seat to leave the train, something was said to him by the conductor.   As to what precisely was said the witnesses differed somewhat.   According to the testimony of a passenger who appears to be entirely disinterested, the conductor said: " Don't try to get off, the train is going too fast."   The conductor's testimony, though differing a little in the words used, was to the same effect.   According to the testimony of Johnson, what the conductor said

was, "Jump off quick, if you are going to." Now, while there is some difference, it is manifest, so far as the testimony alone is concerned, that the conductor might have said both what the passenger and what Johnson testified that he did. He might have advised him not to get off, but, if he was going to do it, to be quick about it. Such advice would not have been unreasonable, as the train was leaving the station, and was probably gaining in speed. But Johnson testified in rebuttal of the testimony of the conductor and of the passenger, and denies that he was advised by the conductor not to get off. Now, while there is no question about the preponderance of evidence, so far as it appears from the record, it is not for us to pass on such question; and we must assume, for the purposes of the opinion, that the conductor said what Johnson testified that he did, and that he did not advise him not to get off. We have, then, the question as to whether the words, "jump off quick, if you are going to," constituted a requirement to leave the train: It appears to us they did not. It was still nothing but advice, and good advice at that. Doubtless, the conductor might have given him better advice, and that is not to attempt to get off; but Johnson was a young man about twenty years of age, in the full possession of his powers, and the defendant is not liable if the conductor merely allowed him to get off.

Thus far, in considering whether Johnson's act was purely voluntary, we have looked merely at the words, "jump off quick, if you are going to." We ought, perhaps, to say in this connection that Johnson testified in his examination in chief that the conductor said, "jump off quick." If upon his cross-examination he had adhered to this as being what the conductor said, the case might be different; but he did not adhere to it, but showed very clearly that the conductor did not require him to leave the cars. We ought, perhaps, to say further in this connection that there had been one or two previous conversations between Johnson and the conduc-

tor, and while the train was standing at the station. There was one conversation, we think, before the train reached the station. We infer from the argument of the plaintiff's counsel that what was said at those times is relied upon largely as constituting a requirement to leave the train.

Before proceeding to consider precisely what was said, and the circumstances under which it was said, we desire to say that a requirement to leave a train when standing at a station could hardly be deemed a requirement to leave it after it had hauled out, and was fairly under way, as this was. It is undisputed that Johnson had abundant time to leave the train at the station. The train stopped three or four minutes. He knew the station. His attention was expressly called to it. The evidence is conclusive that, while the train was standing at the station, he concluded to remain upon it, and go further, and changed his mind only after the train had commenced to move out. Whatever, then, was said by the conductor previous to the starting of the train must be construed with reference to the circumstances. But we do not think that, in any view, what was said at the station could be construed as a requirement to leave the train. There was no altercation, and no question about Johnson's right to go further if he pleased. The fact was simply this: Johnson wanted to get off at Ogden, the next station, from which he expected to walk a short distance into the country. He happened to get upon a train that did not stop at Ogden. The next station west of Ogden was not as near Ogden as Moingona was. The testimony relied upon as showing a requirement of the conductor that Johnson should get off at Moingona is the testimony of Johnson, and in these words: "He [the conductor] said he would not stop at Ogden, and I would have to get off at Moingona." Johnson also testified that the conducter picked up his satchel and handed it to him. But there is not the slightest reason for supposing that what the conductor said he said in the exercise of authority. It was Johnson's right to ride just as long as he

would pay the company for carrying him, and no question of payment had been raised. We are aware that there is some evidence that Johnson had bought a ticket to Ogden, and insisted upon being carried to Ogden, and let off there; but that was a mere question of contract, and has nothing to do with the tort sued for. If the company broke its contract, such breach had no tendency to excuse Johnson in remaining in his seat when at the station, and in attempting to leave when the train had moved out and had acquired considerable speed. He could not be allowed to enhance his damages by jumping in the dark into a culvert 500 feet from the station.

The plaintiff's counsel claimed that Johnson left the train under a pressure of circumstances, and that the plaintiff is not precluded from recovering, even though it should appear that Johnson's act was purely voluntary. It may be conceded that a right of recovery sometimes accrues where the injury is received by reason of the voluntary act of the injured party in leaving a train. This may be so, where the time allowed to get off is insufficient. *Filer v. New York Cent. R. Co.*, 49 N. Y., 47. A passenger is not necessarily guilty of contributory negligence because he voluntarily incurs some risk in getting off to prevent being carried by a station where he desires to stop. But Johnson had ample time to get off before the train started; and, furthermore, whether he had or not, the instruction cannot be approved. That proceeds upon the theory that there was evidence that Johnson's act was not purely voluntary, but was done in obedience to the requirement of the conductor, and we have to say that we do not think that there was any such evidence.

REVERSED.