## EDDY *et al. v.* WALLACE.

*(Circuit Court of Appeals, Eighth Circuit.* February 15, 1892.)

1. CARRIERS—INJURY TO PASSENGERS—MOVING TRAIN.

Plaintiff took passage on defendants' freight train, which, when it reached his station, halted in such a position that the caboose in which he was riding was quite a distance from the station. He had alighted, or was in the act of alighting, when the brakeman told him not to get off, for, after the freight was unloaded, the train would be moved so as to bring the caboose near the platform. The train, instead of slowing up as the caboose neared the platform, increased its speed, and plaintiff, acting under the advice of the brakeman, jumped off, and was injured. *Held,* that defendants were estopped by the act of their servant from claiming that plaintiff was in fault in not leaving the train when it first stopped, or that its contract of carriage was fully performed at such time; that defendants could not avail themselves of their general custom as to the stoppage of freight trains, nor of the rule that passengers on freight trains assume increased risks; and that plaintiff was entitled to recover if, in jumping off the train, he acted as a prudent man would have acted in the circumstances.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Contributory negligence is a defense which will not avail defendants, unless sustained by a preponderance of the evidence.

3. SAME—DAMAGES.

In an action for personal injuries caused by defendants' negligence, where it appears that plaintiff has not fully gained the use of the injured member, damages may be given for future loss.

Error to the United States Court in the Indian Territory.

Action by William J. Wallace against George A. Eddy and H. C. Cross, as receivers of Missouri, Kansas & Texas Railway, for personal injuries. Verdict and judgment for plaintiff. Defendants bring error. Affirmed.

*Clifford L. Jackson,* for plaintiffs in error.

*W. L. Hutchings* and *Sandels & Hill,* for defendant in error.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

SHIRAS, District Judge. The plaintiffs in error are the receivers having charge of the Missouri, Kansas & Texas Railway, and operating the trains thereon, under the orders of the United States circuit court for the district of Kansas. The defendant in error, on the 7th day of May, 1890, became a passenger on a freight train operated by the receivers, for the purpose of going from Kiowa to Stringtown station, in the Indian Territory. The train contained many cars, and, when it reached the station last named, it was halted in such a position that the caboose in which the defendant in error was seated was quite a distance from the

station platform. When the train halted, the defendant in error went to the end of the car, with three grip-sacks, for the purpose of leaving the train. When he had stepped, or was about stepping, on the ground, one of the brakemen belonging to the train told him not to get off; that there was some local freight to be unloaded; and that the train would be moved lower down,—meaning by this that the caboose would be brought near to the station platform. Thereupon the defendant in error resumed his position on the steps of the caboose, with his luggage, awaiting the movement of the train. After some minutes' delay, the train was put in motion, and, as the caboose came to the platform, instead of slowing up, the speed was increased; noticing which, the defendant in error asked a brakeman whether the train had gone, and was answered: "Yes, we are gone, but we are not running very fast. You can get off. I will throw off your grips." Thereupon the defendant in error jumped from the bottom step of the caboose, was thrown down and injured, his arm being broken and wrist sprained. To recover damages for the injuries thus caused him, the defendant in error brought this action in the United States court for the Indian Territory, and, upon a trial before a jury, he recovered a verdict for $1,250; and, judgment being entered therefor, the receivers bring the case to this court, the assignment of errors embracing 32 specifications.

We shall not attempt to consider each specification separately, but shall confine the opinion to the few general propositions which are decisive of the rights of the parties. The errors assigned, based upon the form of the summons and the sufficiency of the service thereof, call only for the remark that these points have already been ruled upon by this court adversely to the contention of plaintiffs in error. *Railroad Co.* v. *James,* 48 Fed. Rep. 148; *Eddy* v. *Lafayette,* 49 Fed. Rep. 798, (opinion filed at present term.)

The fourth and fifth assignments °of error are based upon the refusal of the trial court to permit the introduction of evidence tending to show that it was the general custom, and in accordance with the rules of the company, to stop local freight trains at such parts of the station grounds as would be most convenient for loading or ' unloading freight, and passengers thereon were expected to leave such trains at such places as they might be stopped with reference to the convenient dispatch of the business of the company. Under some aspects which the case might have assumed, this evidence would have been admissible; but upon the issues that were in fact presented by the testimony, and upon which the case went to the jury, the same was immaterial. If the claim had been made that the passenger had been compelled to get off the cars at an unfit place, or at a point other than the platform, and had suffered injury thereby, then it might have been pertinent to prove the general rule and custom of the company in the particular named. It is true that the petition does charge, among other matters, that the train was improperly and negligently handled, in that it was not halted at or near the station platform; but in submitting the case to the jury the liability of the defendants was not made to depend in any degree upon the question of

the place where the train was halted, and, as the evidence introduced did not present this as an issue in the cause, the court did not err in the ruling complained of.

It is also assigned as error that the court refused to give several instructions requested upon behalf of the receivers, the purport of which may be fairly understood from the two requests now cited, to-wit:

"The court instructs the jury that if you find that plaintiff entered defendants' local freight train on the day in question at the station of Kiowa, for the purpose of taking passage to the station of Stringtown, as a passenger upon said train, and that said train was stopped by defendants' agents and servants at the station of Stringtown sufficient length of time to enable plaintiff to safely alight therefrom, and that such stoppage of said train was made at a place and in a manner customary in the management and operation of similar freight trains upon defendants' said line of railway, and that plaintiff availed himself of said opportunity to so alight from said train, and did alight therefrom, then you will further find that defendants fully performed their duty to plaintiff in affording him an opportunity to leave said train, and that plaintiff, on so alighting from said train, ceased to be a passenger upon said train."

"The court instructs the jury that if you find that plaintiff entered upon defendants' local freight train on the day in question at the station of Kiowa, for the purpose of taking passage to the station of Stringtown, as a passenger upon said train, and that said train was stopped by defendants' agents and servants at the station of Stringtown sufficient length of time to enable plaintiff to safely alight therefrom, and that such stoppage of said train was made at a place and in a manner customary to the management and operation of similar freight trains upon defendants' said line of railway, and that plaintiff availed himself of said opportunity to so alight from said train, and did alight therefrom, then you will further find that defendants fully performed their duty to plaintiff in affording him an opportunity to leave said train, and that plaintiff, upon so alighting from said train, ceased to be a passenger on said train; and if you further find that plaintiff, believing that he could save himself the trouble of walking from where the car in which he had been riding had been stopped to the defendants' depot or said station of Stringtown, and for that purpose got back upon said car with a view of getting off as the same passed by said depot, that then plaintiff was not a passenger upon said train, and was not entitled to be treated as a passenger by defendants' servants in charge of said train."

As already stated, the undisputed evidence showed that, when the train halted at Stringtown, the defendant in error was in the act of leaving the caboose, although he would have been required to walk a long distance with the baggage he had with him before reaching the station platform, when the brakeman told him that they had local freight to unload, and that the train would be moved so as to bring the caboose near to the platform. The passenger had a right to rely upon the information thus given him, and if, disregarding the same, he had gotten off the caboose at the place it then stood, and had sued the company for breach of contract, in that the company had not conveyed him to the station proper, but had required him to alight at an inconvenient and possibly dangerous place, he would have been defeated in the action upon proof of the fact that the brakeman told him not to get off at that place, and that the train would be moved up to the station proper. The evidence

proves beyond question that the passenger would have left the caboose at the spot where it halted, regardless of the inconvenience thereby caused him, had it not been that the company, through its agent, notified him that the train would be moved to a more convenient point, and that he should await such movement before alighting from the car. Under such circumstances, the company is estopped from claiming that the passenger was in fault in not leaving the train when it halted with the caboose a long distance from the platform, and it is also estopped from asserting that its contract of safe carriage had been fully performed when the train had stopped long enough to allow the passenger to leave the car. The court, therefore, was clearly right in refusing to give the instructions above quoted and others of the same import; for they wholly ignore the fact that the action of the passenger in continuing on the caboose was due to the directions given him by the agent of the company.

It is further claimed that the court erred in charging "that a common carrier admitting passengers to a freight train incurs the same liability to transfer them safely as if on a passenger train." And in refusing, at the request of the company, to instruct "that a passenger taking a freight train takes it with the increased risks and diminution of comfort incident thereto, and, if it is managed with the care reqᵘisiᵗᵉ for such a train, it is all those who embark upon it have a right to demand. The passenger can only expect such security as the mode of conveyance affords." It is possible to imagine or suggest cases in which the facts would be such as to make the request above quoted entirely proper, and also to require a more full statement of the abstract rule of law given by the court in its charge; but there was nothing developed in the evidence in this case that called upon the court to instruct the jury in regard to any increased risks or discomforts attending a passage in the caboose of a freight train, as compared with a passage in a drawing-room car forming part of a passenger train. The injury to the defendant in error did not grow out of a risk peculiar to a freight train. It might just as easily have occurred if the train had been composed of passenger coaches, for the injury resulted from the passenger leaving the car when in motion, which may occur as readily with passenger as with freight trains.

The case was sent to the jury upon two propositions: *First.* Was the carrier guilty of negligence causing the accident, in that the passenger was induced to get off the train when the same was in motion? *Second.* Was the passenger chargeable with negligence in jumping from the steps of the caboose under the circumstances developed in the evidence?

Upon the first question the court charged, in substance, that if the passenger, when the train stopped at the station, was directed to remain on the car until it was moved to a more convenient place, which, however, was not done, but, the train being put in motion, the passenger was advised to get off the moving train, and was aided in so doing by the employes of the defendants, and in consequence thereof was injured, such facts would constitute negligence on part of the carrier, and entitle the passenger to a verdict, unless the latter had, by negligence on his part, defeated his right of recovery. Counsel for the receivers does

not, in argument, press the exceptions taken to this part of the charge, evidently recognizing the fact that it could not be successfully claimed that it was a proper performance of the contract of safe transportation, requiring of the carrier the exercise of the highest degree of care and skill, to induce a passenger to forbear leaving the train by the representation that the car upon which he was riding would be stopped at the platform, and then, neglecting to stop the train, to induce the passenger to jump from the moving car, and thereby subject himself to the risks incident to such a mode of leaving the train. It cannot be successfully affirmed that a carrier of passengers exercises the high degree of care exacted of him, if he requires or induces passengers to leave the car upon which they are riding when the same is moving at a constantly increasing rate of speed; and therefore it was not error for the court to charge the jury that, if they found the facts to be as stated, then the charge of negligence against the defendants was made out, and the plaintiff was entitled to a verdict, unless it appeared that he had, by negligence on his part, contributed to the accident.

It is, however, urged as ground of error that the court did not properly instruct the jury upon the question of contributory negligence; the position of counsel, as stated in the brief, being as follows:

"The plaintiff should have acted as a prudent man would have acted, and cannot, after acting recklessly and in a foolhardy manner, recover for injuries sustained by him while so acting. If the plaintiff saw, or by ordinary care could have seen, that the defendants had in fact negligently exposed him to the risk of injury, he can no longer rely on the instructions or advice of defendants' agent, but must use all the additional precautions on his part which a person of ordinary prudence would use in view of the circumstances as they are, and not as they ought to be."

Whether the court did not, in substance, instruct the jury in accord with the views of counsel will be best determined by quoting the language of the charge upon this point, the same being as follows:

"The court instructs the jury that though they may find from the evidence that the plaintiff jumped from the train of the defendants while the same was in motion, and defendants' servant or employe upon said train had advised or instructed the plaintiff to so jump from said train, and that the plaintiff was thereby injured and had his arm broken, yet if the jury should further find that said train was moving at such a rapid speed that the danger to plaintiff in so jumping from such train at such time was so great that a man of ordinary prudence would not have so jumped, then the plaintiff should be considered as guilty of contributory negligence, and the jury should find for the defendants. The court instructs the jury that if they should find from the evidence in this case that the plaintiff, being a passenger on defendants' train, was instructed by defendants' trainmen to leave the train in question when such train was moving at such a high rate of speed as would have prevented a man of ordinary prudence from acting upon such instruction, then your verdict will be for the defendants. The court instructs the jury that a passenger on a railway train is not justified in yielding to the advice or instruction of those in charge of the train to alight or jump from the train while the same is moving at a high rate of speed; that in such case the passenger must think before he acts, and is bound to think and act as a person of ordinary prudence would do under the same circumstances; and if the jury be-

lieve from the evidence that the plaintiff, in jumping from a moving train at the station of Stringtown, at the time he received the injuries complained of in this cause, was doing that which was obviously dangerous to a person of ordinary prudence, then the plaintiff cannot recover, though he was invited or instructed to so jump from said train by defendants' servants or agents."

. Extended comment is not needed to demonstrate, not only that the instructions given were in harmony with the views of counsel as now stated in the brief, but that they clearly and fully stated the law, so that the jury could not possibly have misunderstood their duty in the particular to which the instructions are applicable. The completeness of the charge in this regard is also a sufficient refutation of the errors based upon the refusal of the court to give several requests of the receivers upon this subject. The instructions given met all the different phases of the evidence, and no additional light would have been given the jury by a repetition of the same thought in the forms used in the requests preferred, but not given.

Exception is also taken to the ruling that contributory negligence is a defense which will not avail a defendant unless sustained by a preponderance of the evidence. That it is a matter of defense is the settled rule in the courts of the United States, and why there must not be a preponderance of evidence to sustain it we are at a loss to perceive. If the argument of counsel was well founded, the rule would be that, if there was evidence tending to show contributory negligence, a party injured could not recover, which is certainly not the law in any forum. Unless, upon the entire evidence, the jury can fairly say that a plaintiff has, by negligence on his part, contributed to the injury complained of, his right of recovery cannot be defeated on that ground; and this is the equivalent of the proposition that the fact of contributory negligence must be established by a preponderance of the evidence.

It is also said that it was error to refuse a request to the effect that the jury could not award damages to plaintiff "for future loss that plaintiff may sustain in consequence of his injury received by himself at the time he alighted from the train in question." In argument, it is said that there was no evidence to sustain a finding that there would be damage in the future, and hence plaintiff was not entitled to an award therefor. If this was the point sought to be covered by the request submitted, the language used therein is but illy fitted to express the idea. If the request had been given, the jury would probably have understood it to mean that they could not award damages for future loss caused to plaintiff by the injury received, but must confine the award to the damages received in the past, which would clearly have been an erroneous statement of the law. The record shows that the defendant in error, when upon the stand as a witness, testified that at that time he had not regained the full use of his arm; that he could not use it without causing pain; and that the rotatory motion of the arm was impaired. There was evidence, therefore, tending to prove a continuing injury, and the damage caused thereby in the future was a proper element to be considered in the assessment of the damages, and the court, therefore, did not err in

refusing to give the instruction in question. We have thus considered all the material points covered by the errors assigned, and do not find therein any sufficient ground for reversing the action of the trial court.

The judgment is therefore affirmed, at cost of plaintiffs in error.