NEW ORLEANS & N. E. R. CO. et al. **v.** THOMAS.

(Circuit Court of Appeals, Fifth Circuit. January 2, 1894.)

No. 156.

1. CARRIERS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Plaintiff, traveling on a cattle train with his cattle, reached New Orleans, where it was necessary to have his cars switched a short distance over another road, to the slaughterhouse. With the acquiescence of the train hands of this road, he climbed on top of a car, to go with his cattle, but on the way the car was run into by another train, and upset, whereby plaintiff received injuries. Plaintiff and other cattle men had before ridden on top of cars, with the consent of the train hands, but such riding was prohibited by a general order of the company. He testified that he knew it was a dangerous place to ride. *Held,* that the question of contributory negligence was a proper one for the jury, and there was no error in refusing to direct a verdict for defendant. Pardee, Circuit Judge, dissenting.

2. SAME—INSTRUCTIONS.
   It was proper, under the circumstances, for the court to modify a requested charge by adding that, if the company had held out their em-

ployes as authorized to consent to plaintiff's being carried on the train with his cattle, and they so consented, then there was a consent by the company itself. Pardee, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

This was an action by Oscar C. Thomas against the New Orleans & Northeastern Railroad Company and the New Orleans & Southern Railroad Company to recover damages for personal injuries. There were a verdict and judgment for plaintiff, and defendants bring the case on error to this court.

E. H. Farrar, E. B. Kruttschnitt, and H. H. Hall, for plaintiffs in error.

W. S. Parkerson, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. The defendant in error, a citizen of Alabama, brought this action in the circuit court for the eastern district of Louisiana against the plaintiffs in error, corporations created under the laws of Louisiana, claiming damages for personal injuries alleged to have been inflicted on him by their negligence. He charged that he had shipped two car loads of cattle from Epes, Ala., to New Orleans, over the Alabama & Great Southern Railroad and its connecting lines, under what is known as a "live-stock contract;" that by the terms of his contract he was required to load, unload, feed, water, and take all proper care of said stock, and for that purpose he traveled on the same train with the stock from Epes to New Orleans, over the lines of the Alabama & Great Southern Railroad, the New Orleans & Northeastern Railroad Company, and the New Orleans & Southern Railroad Company; that the cars containing his cattle were transferred from the New Orleans & Northeastern Railroad Company to the New Orleans & Southern Railroad Company for the purpose of transporting them to the slaughterhouse, the point of destination in New Orleans; that while moving on the track of the New Orleans & Southern Railroad Company, and at a point where that track is crossed at right angles by the track of the New Orleans & Northeastern Railroad Company, a locomotive of the latter company ran into the cars containing his cattle, and on which he was riding, derailed said cars, and severely injured him; that said collision resulted from the gross negligence of the employes of the plaintiffs in error. The New Orleans & Northeastern Railroad Company, besides the general issue, avers that its contract for carriage terminated at the point where the transfer of the cars was made to the track of its coplaintiff in error; that under the contract between plaintiffs in error to convey said cars from New Orleans to the slaughterhouse the defendant was not required to load, unload, feed, water, and care for said stock, and was not required to travel with his cattle that short distance, but should have taken a street car, which is the usual method of conveyance employed to reach the slaughterhouse; that no provision had been

made by the New Orleans & Southern Railroad Company for the transportation of passengers, cattle owners, or others from New Orleans to the slaughterhouse; and that defendant in error was guilty of contributory negligence in riding on the cattle cars in question. The New Orleans & Southern Railroad Company, besides the general issue, denies that it had any contract with the defendant in error, and avers that under a contract between it and the New Orleans & Northeastern Railroad Company it did switch certain car loads of cattle a distance of only one or two miles from the junction of its track with that of its coplaintiff in error to the slaughterhouse; that the defendant in error was not required to travel with said cattle, and had no right to do so, in or about said cattle cars; that it had made no provision for the transportation of the defendant in error in or about said cattle cars; and that he, in riding on said cars, acted in direct violation of the rules of this company, and was guilty of gross contributory negligence, which contributory negligence it specially pleads as a defense to the action. There was a verdict and judgment against the plaintiffs in error, to review which this writ of error was sued out.

There are 13 assignments of error, 12 of which rest on bills of exception taken to the refusal of requested charges, the modification of requested charges given, and to certain portions of the general charge of the trial judge to the jury. These bills of exception cover 75 pages of the printed record. The first of these bills of exception, and the basis of the first assignment of error, purports to embrace all the evidence admitted on the trial, and on which the plaintiffs in error asked the trial court to instruct the jury peremptorily to find a verdict for the defendants (below, plaintiffs in error), on the ground that on the facts disclosed by the evidence there was nothing left in the case but questions of law, and that it appeared from the facts as a matter of law that the plaintiff (below, defendant in error) was guilty of contributory negligence, and could not recover. This the trial court refused, and the plaintiffs in error now urge that the circuit court erred in refusing to take this case from the jury. It can hardly escape observation that, in the judgment of the very able counsel who generally represent parties of the class of these plaintiffs in error, the error here complained of is one into which the judges of the circuit court often fall.

The second bill of exceptions refers to the facts shown in the first bill, makes a fair argumentative statement of what the evidence tended to prove on the basis of which plaintiffs in error asked a charge which the court gave, with this addition:

"But if the jury find that the defendants, by their conduct, had held out their employes to the plaintiff as authorized to consent to his being carried on the train with his cattle, and such employes consented, then there will be a consent of the corporation."

The plaintiffs in error urge that the circuit court erred in thus modifying their requested charge.

The bills of exception from 3 to 12, inclusive, each refer to the facts as shown in bills numbered 1 and 2, and the point of all and of each is that the trial judge erred in not instructing the jury as

matter of law that the defendant in error was guilty of contributory negligence, and could not recover.    We are constrained to hold that the provision of our constitution,' which gives parties to an action at law the right to a trial by jury, embraces even parties who bring actions at law against railroad corporations, and that the persistent effort to push precedents to the point of requiring trial judges to decide as questions of law the issues most commonly joined in cases where recovery for personal injuries is sought should not be encouraged.    The varying language of the swelling current of reported opinions, which already deluges the assizes, can be so collected and directed against almost any conditions of proof possible in such cases, as to convert the questions as to what is negligence and what is contributory negligence into issues of law instead of fact; while, in our view, the authority of adjudged cases is that whether there was negligence on the one part or contributory negligence on the other is a question of fact, to be determined by the jury under proper instructions.    It is, of course, elementary that whether there is any evidence is a question of law.    But we must beware that in applying this rule we do not substitute the judgment of the judge that there is not sufficient evidence for his judgment that there is no evidence.    In this case the trial court was not even asked to charge the jury that there was no evidence to charge plaintiffs in error with negligence, but, on an issue on which they had the burden of proof, the trial judge was asked to charge as matter of law that they had made out their case.

We do not feel called on to review the evidence in this case, as we would on an appeal from a decree in equity, and deem it only necessary to say that, in our view, the proof in this case justified the trial judge in refusing to take the whole case away from the jury, and in modifying the requested charges that he gave, and in refusing those he refused.    And that the part of the general charge excepted to presents no error for which the case should be reversed. The following cases support this opinion:    Railroad Co. v. Powers, 149 U. S. 43, 13 Sup. Ct. 748;    Railroad Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569;  Railroad Co. v. McDade, 135 U. S. 554, 10 Sup. Ct. 1044, and cases therein cited; Railroad Co. v. Stout, 17 Wall. 657; Railroad Co. v. Harmon's Adm'r, 147 U. S. 571, 13 Sup. Ct. 557; Kane v. Railway Co., 128 U. S. 91, 9 Sup. Ct. 16; Aerkfetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835; Railroad Co. v. Horst, 93 U. S. 291;  Railway Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679; Eddy v. Wallace, 1 C. C. A. 435, 49 Fed. 801.

The judgment of the circuit court is affirmed.

PARDEE, Circuit Judge (dissenting).    I respectfully dissent from all that part of the opinion of the court which deals with the case. The whole evidence in the case is brought up in a somewhat lengthy bill of exceptions, and all the bills of exception cover 75½ printed pages of the transcript; but the evidence is not conflicting on the main points involved, nor are the bills of exception unnecessarily prolix.    The evidence shows without dispute these facts, shortly stated:    The plaintiff in the court below shipped two car loads of

cattle over the Alabama & Great Southern Railroad and its connections from Epes, Ala., to New Orleans, under a special contract, requiring him to load, unload, feed, and water his cattle, etc., and impliedly giving him transportation on the same train with his cattle. The contract was performed, and plaintiff and his cattle were safely brought over the Alabama & Great Southern Railroad and its connection the New Orleans & Northeastern Railroad to the terminus of the latter in the city of New Orleans. When the plaintiff, with his cattle, reached New Orleans, his agents gave directions to have the cars switched to the slaughterhouse in the parish of St. Bernard, whereupon the Southern Railroad Company, under a general contract it had with the New Orleans & Northeastern Railroad Company, covering the switching of cars over the tracks of both companies, undertook the switching of plaintiff's two cars and one other cattle car to the slaughterhouse. The plaintiff, who had traveled in the caboose on the cattle train in coming to New Orleans, at the suggestion of the train hands of the Northeastern Railroad, and with the acquiescence of the train hands of the Southern Railroad, climbed with his satchel on top of one of the cattle cars, to ride to the slaughterhouse. The train of three cattle cars, with no accommodations or provisions for passengers, was backed rapidly out of the Northeastern yards; but when crossing the track of the Northeastern road was run into by another train, also backing on the main track, the car on which plaintiff was was thrown over, upset, and the plaintiff thrown off, severely spraining his ankle.

The Southern Railroad Company had, by written notice issued to its employes, and posted in its depot, where it transacted business with the public, forbidden all persons—except the employes—from riding on the cattle trains without an express permission from the freight agent, which it is not contended plaintiff had. The plaintiff and others, in cases of former shipments of cattle over the same route, had, with the consent of train hands, ridden on the top of cattle cars when the same were switched by the Southern Railroad Company to the slaughterhouse, and plaintiff testified he knew it was a dangerous place to ride. There was no necessity for the plaintiff to ride on the cattle cars to the slaughterhouse, as the distance was short, and plaintiff's cattle were not to be loaded or unloaded, fed or watered, en route; and, besides, there was a line of street cars, which furnished the usual conveyance to and from the slaughterhouse. There was no evidence showing by whose or what negligence the collision occurred. The only conflicting evidence is with regard to the extent of the plaintiff's injuries. The question in the case is whether, under the facts of the case, the plaintiff was guilty of contributory negligence; and the answer depends on whether the consent of the train hands of the Southern Railroad Company, on the occasion plaintiff was injured and on previous occasions, that the plaintiff should ride on the top of cattle cars while they were being switched, in spite of the orders of the company forbidding such riding, was sufficient to establish a usage such as would justify the plaintiff in so riding on the top

of the cattle cars, although he knew it was dangerous, and to make him a passenger of the company, although otherwise he was a stranger, if not a trespasser.

The circuit court held in favor of the sufficiency of such consent to establish such usage, for, although the question was apparently left to the jury, the charges of the judge maintain the proposition in the clearest terms, and are otherwise meaningless and misleading. Besides, as the evidence was entirely without conflict and undisputed on the point, there was nothing to be done by the jury but apply the law to the facts, and a refusal to direct a verdict for the defendants was practically directing a verdict for the plaintiff. In generally discussing the respective duties of judges and juries in cases of negligence, the opinion of this court says:

"In this case the trial court was not even asked to charge the jury that there was no evidence to charge the plaintiff in error with negligence, but, on an issue on which they had the burden of proof, the trial judge was asked to charge as a matter of law that they had made out their case."

I suppose that this statement refers to the request of counsel for plaintiffs in error as recited in the first bill of exceptions, to wit:

"To find a verdict for the defendants on the ground that on the facts declared by the said evidence there was nothing left in the case but questions of law; and that it appeared from the said facts, as a matter of law, that the plaintiff was guilty of contributory negligence, and could not recover."

Now, in the case of Railroad Co. v. Jones, 95 U. S. 439, which was a case where evidence was offered on both sides, and where the railroad company was guilty of negligence and the plaintiff was guilty of contributory negligence, the supreme court said:

"If the company had prayed the court to direct the jury to return a verdict for the defendant, it would have been the duty of the court to give such direction, and error to refuse;" citing respectable authorities in support thereof.

And in Railroad Co. v. Houston, 95 U. S. 697, a case where the negligence of the railroad company was admitted, but the contributory negligence of the plaintiff's wife, the person injured, was sworn, the supreme court, after reciting evidence much more involved than in the case in hand, said:

"Under these circumstances, the court would not have erred had it instructed the jury, as requested, to render a verdict for the defendant."

The true rule seems to be that, when the plaintiff's evidence does not show contributory negligence, the burden of proving it is on the defendant (Railroad Co. v. Horst, 93 U. S. 291); but, where contributory negligence is shown by undisputed evidence, whether offered by the plaintiff or the defendant, and such negligence will in law defeat a recovery by plaintiff, it is proper for the defendant to ask a peremptory instruction in his favor, and in such a case it is error on the part of the trial court to refuse.

The question raised by the first bill of exceptions is whether the evidence in the case shows such undisputed facts that, as a matter of law, the defendant was guilty of contributory negligence; and, as said above, this depends on the sufficiency of the usage proved. Now, it seems to me, for the Southern Railroad Company to be

liable to the defendant in error for the injuries he received while riding on top of the cattle cars,—a place which he says he knew to be dangerous,—and while the cattle cars were being switched, it should appear that he was so on the cattle cars with the consent of the Southern Railroad Company, either express or implied, and without knowledge of the danger and risk he assumed; or that there was a contract of carriage as to him with his cattle while the cars were being switched, and no safer place was furnished him to travel. Neither is proven nor can be fairly inferred from the evidence in the case; on the contrary, it is proved without contradiction that the Southern Railroad Company had, by notice issued to its employes, and published in its depot, where it transacted business with the public, expressly forbidden travel upon cattle cars on its route. It is true that there was evidence tending to show that the plaintiff had never seen this notice, and that on previous occasions he and others had traveled on cattle cars of the Southern Railroad Company to the slaughterhouse while the same were being switched from the terminus of the Northeastern Railroad, with the consent and direction of train hands of the Northeastern Railroad Company, and, inferentially, with the knowledge of the train hands of the Southern Railroad Company; but I take it to be clear that it was not necessary for the plaintiff to see any such notice, for he was bound to know that, without a contract of carriage, he had no right to be there; nor can the permission of train hands justify him, in the absence of a contract of carriage, in placing himself in a dangerous place, or in fact in any place, on the cattle cars, for he was bound to know that such permission was beyond the scope of their authority, and that he could only act on it at his peril.

That the plaintiff, by reason of having previously ridden on the cattle cars of the Southern Railroad Company in violation of the rules and orders of the company, could have acquired the right to ride on top of the cattle cars of that company at the time he was injured, is a proposition which, I think, for the first time gets judicial sanction in this case. As it appeared from the undisputed evidence that the defendant in error, plaintiff below, had no right, by contract or otherwise, to ride on the cattle cars while they were being switched by the Southern Railroad Company, and as he knew that so riding was dangerous, the proper application of the maxim, "volenti fit non injuria," required an instruction of the court to the jury directing a verdict for the defendants. In Railroad Co. v. Jones, supra, it is laid down as follows:

"Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person, under the existing circumstances, would not have done. The essence of the fault may lie in omission or commission. The duty is dictated and measured by the exigencies of the occasion. See Whart. Neg. § 1, and notes. One who, by his negligence, has brought an injury upon himself, cannot recover damages for it. Such is the rule of the civil and of the common law. A plaintiff, in such cases, is entitled to no relief. But where the defendant has been guilty of negligence also, in the same connection, the result depends upon the facts. The question in such cases is (1) whether the damage was occasioned entirely by the negligence or im-

proper conduct of the defendant; or (2) whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary care and caution that, but for such negligence or want of care and caution on his part, the misfortune would not have happened. In the former case, the plaintiff is entitled to recover; in the latter, he is not. Tuff v. Warman, 5 C. B. (N. S.) 573; Butterfield v. Forrester, 11 East, 60; Bridge v. Railroad Co., 3 Mees. & W. 244; Davies v. Mann, 10 Mees. & W. 546; Clayards v. Dethick, 12 Q. B. 439; Van Lien v. Manufacturing Co., 14 Abb. Pr. (N. S.) 74; Ince v. Ferry Co., 106 Mass. 149."

## The third bill of exceptions is as follows:

"Be it remembered, that on the trial of this cause on the 9th, 10th, and 14th days of March, 1893, before the Hon. Edward C. Billings, United States district judge, holding the circuit court, and a jury, on the issues of law and fact herein raised by the pleadings, and the facts being such as set forth in bill of exceptions Nos. 1 and 2, the counsel for the defendants then and there requested the court to charge the jury as follows: 'That the plaintiff, as a man of ordinary prudence and intelligence, was bound to know that a freight train, without accommodation for passengers, was not intended for the carriage of persons, and that he was bound to ascertain for himself, before he started 'upon the New Orleans and Southern Railroad train with his cattle, whether he had a right to be there or not; that he was bound to use reasonable diligence to find out what the rules and regulations of that company were; and if the jury find that by the use of such reasonable diligence plaintiff could have found out that the rules of the company prohibited the riding on the top of cattle cars, then he is chargeable in law with knowledge of the rule, and they must find for the defendants,'—which instruction the court gave to the jury, but with the following amendment or modification: 'If the plaintiff had good reason to believe from his former dealings with the defendants that it was intended by them that he, as the owner of the live stock, should go on top of the cattle car, then he was rightfully there,'—to which addition and modification the defendants' counsel then and there excepted before the jury retired, and tenders this, their bill of exceptions, which is duly allowed and signed accordingly."

It is assigned as error that the court erred in adding to and modifying the instructions asked. It seems to me that the modification was unwarranted. If the plaintiff knew that the positive rules of the defendant prohibited the riding on top of cattle cars, he could have had "no good reason to believe from former dealings that it was intended that he, as owner of cattle or otherwise, should go on top of the cattle car; and therefore the charge, with the additional modification, is misleading and erroneous."

The fourth bill of exceptions in the record is as follows:

"Be it remembered, that on the trial of this cause on the 9th, 10th, and 14th days of March, 1893, before the honorable Edward C. Billings, United States district judge, holding the circuit court, and a jury, on the issues of law, such as set forth in bills of exceptions Nos. 1 and 2, the counsel for the defendants requested the court to charge the jury as follows: 'That if the jury find that the governing officials of the New Orleans and Southern Railroad did, in October, 1891, issue a general order in the following words: "New Orleans and Southern Railroad Company, No. 34 St. Charles Street. J. A. Larned, President and General Manager; H. S. Bell, Secretary and Treasurer. [Copy.] New Orleans, La., Oct. 16, 1891. Paul Baker, Esq., Conductor—Dear Sir: I am informed that boys and other parties occasionally ride down from our depot to the slaughterhouse on the roof of the cattle cars. This must be stopped. Hereafter no one, except the employes of the train, under any circumstances, will be allowed on our cattle trains, without a written permit from the 'freight agent, Mr. Long. You will return, with' your reports to this office, any permits for passage given by Mr. Long. Respectfully yours, [Signed] H. S. Bell, Secretary,"—prohibiting all

persons, not its own employes handling the train, from riding on the top of, cattle cars between the city of New Orleans and the slaughterhouse without the written permission of the local agent, and that notice of this written order was given to said employes, and a copy of it was posted in its station at its depot in the city of New Orleans, where it transacted its business with shippers and passengers,—then it was under no legal obligation to give any other or further notice to the public of such rule or regulation. And if the jury further find that the plaintiff was at the time of his injury riding on the top of a cattle car, in violation of said general order, even though he was there with the permission of the trainmen, he was a trespasser on said car, and the company owed him no duty except that of not wantonly injuring him. And if the jury further find that the plaintiff would not have been injured if he had not been on the roof of said cattle car, then, by being there under the above circumstances, he was guilty of contributory negligence, and cannot recover,'—which instruction the court refused; to which refusal of the court to give the said instruction the defendants' counsel then and there excepted, before the jury retired, and tenders this, their bill of exception, which is duly allowed and signed accordingly."

It is difficult to conceive what the railroad company could have done, more than it did as recited in this bill, to signify to the defendant in error that he was not authorized to ride on the top of cattle cars of the Southern Railroad Company. The argument seems to be that, because the train hands permitted him to go upon the car, and did not peremptorily eject him as a trespasser, he thereby became a passenger, and the case seems to require that, although he voluntarily—and, as the evidence shows, unnecessarily—put himself in a place known by him to be dangerous, yet, when injured, he can legally recover damages from the railroad company.

In my opinion, the trial court erred in refusing to instruct the jury to find for the defendants, in modifying the instruction asked as given in the third bill of exceptions, and in refusing the instruction as to notice given in the fourth bill of exceptions, and that this court errs in affirming the judgment of the trial court.