SOUTHERN RAILWAY CO. *v.* BANDY, by next friend.

1. Where a carrier accepts fare to a particular station, it is not sufficient that the speed of the train be slackened, but the company is bound to stop the train so as to afford the passenger an opportunity safely to alight.
2. A passenger can not rely on the conductor's instructions as a sufficient excuse or justification for doing an act obviously dangerous.
3. It is not a want of ordinary care if a passenger prudently uses the means which the company affords him for disembarking.
4. If under the direction of the conductor a passenger gets off of a slowly moving train, the company is liable for the consequent injuries.
5. The evidence was conflicting, but sufficient to sustain the verdict for the plaintiff.

Argued May 25, — Decided June 10, 1904.

Action for damages. Before Judge Fite. Gordon superior court. November 14, 1903.

Bandy, a minor, by his next friend sued the railroad company for personal injuries sustained in alighting from a train on which he was a passenger. At the trial he testified: "I got on the train at Dalton, for Miller's Station. . . It was about an hour or an hour and a half behind, as well as I remember. I paid the conductor my fare, . . the amount demanded by the conductor. As the train approached Miller's the conductor came to the front door and motioned me out on the front platform, and says, 'I am just going to slow up here, as we are behind time, and I want you to get off.' The train ran about 115 yards below the regular stopping-place, and he slowed up some; he passed the crossing about 100 yards, and it appeared to be running at a reasonable rate, so that it would be safe to get off. I couldn't tell the rate he was running. He punched me and says, 'Now is the time to get off.' The porter and flagman was standing there with him on the platform. I got off then. . . I done as he told me to, and my foot hit a rock and throwed me . . and bruised my leg up," etc. "There is ballast there. My foot alighted on a rock, and the rock rolled and caused me to fall." "It appeared reasonably safe to get off at the time and place. I wouldn't have gotten off then if the conductor hadn't told me,—-if it hadn't been for his command. . . . I was sitting in the car, and the train gave a signal for Blue Springs, the conductor came to the door and motioned me out to the front, and when I got to where he was at, the train lacked

about a half a mile of being to Blue Springs. . . There is no station house at Miller's used for taking on and discharging passengers; the point where they take on and discharge passengers is where the road crosses the railroad." It was in the night. He was then eighteen years old and a clerk in a store. He sustained serious injuries, the nature and extent of which were testified to by himself and a physician. The conductor testified that he did not tell the plaintiff to get off the train, that he repeatedly asked him not to be in a hurry, and not to get off until the train stopped; he had signaled to the engineer to stop the train, and it did not run more than 100 feet after he jumped off; the rear end of the sleeper stopped about a half car-length beyond the crossing; it could not have been running more than five or six miles an hour when he jumped off. The brakeman and other witnesses corroborated the testimony of the conductor. There was a verdict for the plaintiff. A motion for a new trial on the general grounds was overruled, and the defendant excepted.

*Shumate & Maddox*, for plaintiff in error, cited Civil Code, §§ 2322, 3893; *Ga. R.* 87/766; 89/455; 91/526; 92/388; 103/570; 116/448.

*R. J. & J. McCamy, W. C. Martin,* and *W. M. Jones,* contra, cited *Ga. R.* 45/288; 51/489; 69/268; 94/447.

LAMAR, J. The evidence was directly in conflict, but the testimony for the plaintiff brought the case within the decision in *Georgia Railroad Co.* v. *McCurdy,* 45 *Ga.* 288, where it was held that if the company accepts the fare to a particular station it is bound to stop, and it is not sufficient that the speed is slackened. If under the direction of the conductor, a passenger gets off of a slowly moving train, the company is liable for consequent injuries, it not being a want of ordinary care if the passenger prudently uses the means which the company affords him for disembarking. *Western R. Co.* v. *Young,* 51 *Ga.* 489; *Central R. Co.* v. *Smith,* 69 *Ga.* 273, *Jones* v. *G., C. & N. Ry. Co.,* 103 *Ga.* 570. In such a case it is immaterial whether the direction to alight from the moving train was given while the passenger was in the coach or on the steps, the length of time between the order and the alighting being unimportant. Of course the passenger could not rely on the conductor's instruction if it was obviously dangerous to conform there-

to; but the evidence here was that the train was moving slowly, and the jury had the right to believe this statement and the further testimony of the plaintiff that he thought it reasonably safe to obey the conductor's command.

*Judgment affirmed. All the Justices concur, except Candler, J., disqualified.*