## INJURY TO ONE ALIGHTING FROM TRAIN AFTER ESCORTING PASSENGER ON BOARD.

Circuit Court of Cuyahoga County.

THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO. v. SELIG DALLET.*

Decided, May 27, 1907.

*Railroads—Negligence—Duty to Licensee Alighting from Moving Train.*

Where one who has gone aboard a train to assist another is injured in alighting from the train after it is in motion, the railroad company is not liable, if it had not misled him by any false appearance of safety and had not put him under any compulsion in respect to leaving the train.

*Foran, Pearson & Powell,* for plaintiff in error.
*Neff & McTigue,* contra.

HENRY, J.; MARVIN, J., concurs.

The sole question is this case is whether one who sustains injuries under the following circumstances, can recover damages therefor from a railroad company.

Dallet, an elderly but vigorous man, assisted his niece to board and find a seat in a Pullman car in the evening. The train stopped at that point three minutes. The station was well lighted. Just before the train started Dallet told the Pullman conductor that he expected to get off. The conductor thereupon told him that the train was about to start; Dallet then followed the conductor to the door.

The door of the car and the vestibule doors over the steps were opened either by the conductor or the porter, or both. Dallet went down the car steps and got off before the train had gotten away from the station, although it had been in motion from the time he parted company in the car with his niece.

*Affirmed without opinion, *Dallet* v. *L. S. & M. S. Railway Co.,* 80 Ohio State, 735.

Dallet,.however, did not realize it was in motion, but the electric lights and the supporting posts of the train shed were directly before his eyes as he left the car, so that, before he stepped off, he could not fail to have known that the train was moving: There was no conversation between Dallet and the trainmen on the platform, but the jury found that their conduct in opening the doors gave Dallet confidence that he could alight from the train safely.   This, the jury found specially.

Apparently Dallet stepped off with his back or side to the engine and in such a way that he fell and broke both ankles.

Upon the question of contributory negligence we are not prepared to disturb the jury's verdict.

The question of the company's negligence in prematurely starting the train is by a special charge of the court below to the jury, eliminated from the case presented to us by the record.

In support of the judgment reliance is placed upon the case of *Pittsburg, Chicago & St. Louis Railroad Co.* v. *Christian Krause,* 30 Ohio St., 221, which is also a case of injuries sustained in getting off a moving train by one who, though not a passenger thereon, was in the position of a licensee or person invited upon the train.   It was held in that case that if the conductor ordered or directed the plaintiff to get off the train while it was in motion and thereby induced him, without contributory negligence to do an unsafe thing, the railroad company would be responsible for such injury as resulted therefrom.   So, in the case before us, the inquiry is whether or not the conduct of the trainmen amounted to a requirement, command or direction that Dallet leave the train.

Some jurisdictions repudiate the doctrine of *Railroad* v. *Krause,* but inasmuch as we feel bound by this decision, we have confined our scrutiny of the case, cited by counsel, and others that we have found for ourselves, to those that have been decided in jurisdictions where the doctrine of *Railroad* v. *Krause* is recognized.

It is impossible to review all the cases cited and examined, but among them we find two from Iowa, which have seemed to us to be peculiarly applicable,. namely: *Vimont* v. *Chicago &*

*Northwestern Railway Co.*, 71 Ia., 58, and *Galloway* v. *Railway Co.*, 87 Ia., 458.

In the latter case the plaintiff went on the defendant's vestibuled train to assist his wife and child, who were about to take passage thereon in the night time; when he went to get off the door was fastened and the brakeman told him he could not get off, that it would break his neck. Whereupon the plaintiff stated that he would pay his fare to the next station; the brakeman then opened the door and, after looking back, told plaintiff he could step down on the lower step and jump far enough so that the train would not hit him, and that he would be alright. The plaintiff asked the brakeman to pull the bell, and he answered that either he could not or would not, and said to the plaintiff— "get off" and closed the door and left him in the dark; he could not tell whether the train had more than left the depot and it seeming not to be going fast, he jumped and was injured. This was held sufficient to support a verdict for the plaintiff.

In *Vimont* v. *Chicago & Northwestern Railway Co., supra,* the brakeman told the plaintiff to get off quickly if he was going to, and the court held that this did not amount to a requirement or order to jump from a moving train, and the plaintiff, therefore, could not recover.

The case before us certainly involves no more compulsion than was involved in the Vimont case, and we think that although the circumstances were such as to impose upon the railroad company the exercise of ordinary care for Dallet's safety, it was under no obligation to do anything more in this behalf, than to see to it that he was not misled by any false appearance of safety, and that he was not put under any compulsion by it in respect to leaving the train. The circumstances were such as already shown, that Dallet must have seen that the train was moving. There was absolutely no other danger present. The platform where he alighted was clear, unobstructed and sufficiently lighted.

Unless, therefore, the conduct of the trainmen was of a nature to induce him to believe that he was under some compulsion to leave the moving train, the risk of accident from his so doing was upon him and not upon the company.

The jury can only have concluded by their special findings that Dallet was aided or encouraged in the prosecution of his own design, not that any course of conduct was imposed upon him by the trainmen.

For error in submitting the question of the railroad company's negligence in this behalf to the jury, the judgment is reversed.

We can not comply with the request to enter final judgment here, because the other aspect of the company's negligence in prematurely starting the train is one which we have not examined, and can not, therefore, affirmatively say to have been correctly decided by the court below. Upon that point we intimate no opinion whatever. It is moreover possible that a new trial of this cause will bring forth other evidence from bystanders which will throw more light upon some of the obscure matters of fact in this case.