A. A. BERSIE, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

**NEGLIGENCE:** Acts Constituting—Alighting from Moving Train. Negligence may be found in the act of a brakeman of a train in advising a passenger to alight from a moving train, and it is not necessarily negligence for the passenger to follow the advice.

Headnote 1:   10 C. J. pp. 928, 1131.

Headnote 1:   31 L. R. A. (N.S.) 625; L. R. A. 1918B, 1133; 5 R. C. L. 43.

*Appeal from Winneshiek District Court.*—JAMES D. COONEY, Judge.

DECEMBER 16, 1926.

Plaintiff shipped stock over defendant's lines, accompanying it as caretaker. He alighted from the caboose while it was

in motion, and sustained injuries for which he brings this action.   Judgment for plaintiff.   Defendant appeals.—*Affirmed.*

*Frank Sayre* and *Hughes, Taylor & O'Brien,* for appellant.

*William S. Hart* and *Willett & Nelson,* for appellee.

MORLING, J.—The defendant in argument in reply adds assignments of error, and there argues them.   These additional assignments are in no wise made or argued in chief.   They were therefore waived.   Rule 30.   The plaintiff, as is his right, has disregarded them.

The only assignments of error in chief are to the refusal to direct a verdict on the ground, first, that no negligence on the part of the defendant was shown, and second, that plaintiff was guilty of contributory negligence.

Plaintiff was taking a car of stock to Montana over one of defendant's lines running through Hastings, Minnesota, and Minnesota Transfer at the twin cities.   The car had to be transferred at Hastings Yard to a line running to the Twin City line. The train reached Hastings Yard before it reached Hastings, which was about a mile and a half farther on.   Plaintiff's testimony is that, about 11 :30 P. M., the train reached what he understood was Hastings.   He says:

"The brakeman told me that I had to change trains there, and we all went to the back porch, and the conductor got off and went to the freight office, and the brakeman told me to jump off, and I told him that I couldn't jump off, that the train was going too fast; and he told me, 'You will have to jump off, or else they will take you down to the switchyard, a mile and a half from here, and you won't find your way back;' and I told him again that I couldn't jump off when the train was running, and he stepped off there.   He told me, 'I'll get the train to slow down, and then you jump off,' he says; and he left the train, jumped off, and swung a lantern, and they slowed down some.   *   *   * I made the jump, and when I struck the ground, I fell forwards *   *   *  "·

The train did slow up quite a bit, and just as he was ready to jump, the train started to move faster.   The defendant's witnesses deny that these statements were made to plaintiff, and say that the train did stop at the yards.   The brakeman says

that, at the time he got off, the train was moving five miles an hour, and then slowed up until it stopped in the clear 200 feet or so.

I. Defendant's contention that the plaintiff's evidence does not show negligence is that there was no compulsion, duress, or coercion upon plaintiff to alight from the train while it was moving; that, on plaintiff's testimony, the brakeman's statements to him were merely by way of counsel or advice (citing *Lindsey ·v. Chicago, R. I. & P. R. Co.*, 64 Iowa 407; *Vimont v. Chicago & N. W. R. Co.*, 71 Iowa 58). Compulsion or coercion need not be shown. The plaintiff was a passenger. It was the duty of the defendant to carry him to his destination, and there enable him to alight in safety. The destination, for the purpose of this case, was Hastings Yard. Plaintiff was required to change at that point from one train to another. It was negligence for defendant to induce plaintiff to alight from a moving train. *Filer v. New York Cent. R. Co.*, 49 N. Y. 47; *Leonczak v. Minneapolis, St. P. & S. S. M. R. Co.*, 161 Minn. 304 (201 N. W. 551); *Lake Erie & W. R. Co. v. Huffman*, 177 Ind. 126 (97 N. E. 434, Ann. Cas. 1914 C 1272); *Southern R. Co. v. Bandy*, 120 Ga. 463 (47 S. E. 923, 102 Am. St. 112); *Eddy v. Wallace*, 1 C. C. A. 435 (49 Fed. 801); 10 Corpus Juris 928; 2 Hutchinson on Carriers (3d Ed.), Section 1118. The cases relied upon by defendant are not in point.

II. Plaintiff's testimony shows that he had been afflicted with rheumatism; that he could not handle himself very well; that, at the time he alighted, he had a couple of packages in his hand, a pair of overshoes, a box of lunch, and a cane; that he was holding those things in his right arm and had hold of the handhold with his left hand. He says that he had never tried getting on or off trains before, while they were moving; that they told him they were going to switch the car there at Hastings Yard, and the other train would pick him up at the yard office; that it was his idea to get off the train and go to the yard office and wait until the other train was made up, so that he could catch that into the Minnesota Transfer. Defendant's contention is that the plaintiff's testimony shows that he realized the danger, and was guilty of contributory negligence as matter of law. Plaintiff's testimony is that the brakeman told him that he would get the train to slow down; that the brakeman swung his lantern,

and the train did slow down. The brakeman had jumped off. The plaintiff was, on his testimony, given the alternative of being carried a mile and a half farther on, unable to find his way back to his car and to the train which was to take it and him on, or of jumping off when the train slowed down. Plaintiff was required to decide and act instantly. It is a reasonable presumption that the trainmen were better informed of the nature and extent of the danger than was plaintiff, and would be alert to see that he was not injured. The passenger naturally gives great weight to the trainmen's instructions or advice, and ordinarily follows them. It cannot be said, on plaintiff's testimony, that the hazard of obeying the brakeman's instructions or following his advice was so plain that an ordinarily prudent and reasonable man would not incur it, or would disregard the brakeman's directions. On this testimony, the court cannot say, as matter of law, that the danger of injury was so obvious that he was guilty of contributory negligence. Whether or not, on these circumstances, his alighting from the moving train was negligence, was a question of fact for the jury. *Galloway v. Chicago, R. I. & P. R. Co.*, 87 Iowa 458; *Gannon v. Chicago, R. I. & P. R. Co.*, 141 Iowa 37; *Christensen v. National Trav. Ben. Assn.*, 196 Iowa 375; *Filer v. New York Cent. R. Co.*, 49 N. Y. 47; *Bucher v. New York Cent. & H. R. Co.*, 98 N. Y. 128; *Southern R. Co. v. Bandy*, 120 Ga. 463 (47 S. E. 923, 102 Am. St. 112); *Eddy v. Wallace*, 1 C. C. A. 435 (49 Fed. 801); *Leonczak v. Minneapolis, St. P. & S. S. M. R. Co.*, 161 Minn. 304 (201 N. W. 551); 2 Hutchinson on Carriers (3d Ed.), Sections 1117, 1118; 3 Id., Sections 1179, 1221.

While plaintiff protested that he could not jump off when the train was running, he was met with the brakeman's assurance that he would get the train to slow down, and with his direction to jump off. The train did slow down. We do not think that the defendant, under such circumstances, is entitled to have the court hold, as matter of law, that plaintiff had such realization of the danger as to be guilty of negligence in following the brakeman's instructions. Of course, defendant submits the question, and we are deciding it upon the plaintiff's testimony, and are not weighing it with the contradictory evidence.

The judgment is—*Affirmed.*

EVANS, STEVENS, and VERMILION, JJ., concur.